# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARK BAVOLACK,

    Plaintiff,

vs.

VOYA FINANCIAL, INC.,
RELIASTAR LIFE INSURANCE
COMPANY, and CENVEO CORP.,

    Defendants.

    /

Case No. _____

Judge _____

Magistrate Judge _____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, *et seq.*, Defendants Voya Financial, Inc. ("Voya") and ReliaStar Life Insurance Company ("ReliaStar") (collectively, at times, "Defendants") file this Notice of Removal of this action from State Court to this Court and respectfully states as follows:

1. On April 9, 2020, Plaintiff Mark Bavolack ("Bavolack") commenced a civil action in the Circuit Court of Wayne County, Michigan ("the State Court"), bearing the style, *Mark Bavolack v. Voya Financial, Inc., et al.*, Docket No. 20-005125-CK ("the Civil Action"). The Civil Action is still pending in the State Court.

2. Defendant Voya first received a copy of the Summons and Complaint in the Civil Action by certified mail at its office in Windsor, Connecticut on April

20, 2020.  Voya later received a copy of the Summons and Complaint in the Civil Action, by certified mail, through its registered agent CT Corporation on May 7, 2020.  The service received by Voya, attached as <u>Exhibit A</u> and <u>Exhibit B</u>, respectively, constitutes all process, pleadings, and orders received by Voya in the Civil Action to date.

3. Defendant ReliaStar first received a copy of the Summons and Complaint in the Civil Action by certified mail at its office in Minneapolis, Minnesota on April 17, 2020.  ReliaStar later received a copy of the Summons and complaint in the Civil Action, by certified mail, through its registered agent CT Corporation on April 27, 2020.  The service received by ReliaStar, attached as <u>Exhibit C</u> and <u>Exhibit D</u>, respectively, constitutes all process, pleadings, and orders received by ReliaStar in the Civil Action to date.

4. Defendant Cenveo Corp. ("Cenveo")[1] has not yet been joined and served in the Civil Action.  Its first actual notice of the Civil Action was on April 28, 2020 when counsel for ReliaStar informally informed Cenveo of the Civil Action.

5. The Civil Action is one of which this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 and removal jurisdiction pursuant to 28 U.S.C. § 1441 in that:

---

[1] Although the Complaint names "Cenveo Corp.," Cenveo Worldwide Limited is the successor in interest to Cenveo Corporation.

-2-

(a) The Complaint asserts a claim to recover long-term disability ("LTD") benefits, to enforce rights, and/or to clarify rights to future LTD benefits under ReliaStar's group LTD Policy No. 67731-1Disability ("the Policy"), attached as <u>Exhibit E</u>, which funds benefits under an "employee welfare benefit plan" that is governed exclusively by the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. § 1001, *et seq.*;

(b) The Policy is a "plan document" under a plan which is established or maintained by an employer as defined by ERISA, 29 U.S.C. § 1002(1), and Bavolack purports to be a participant under the plan;

(c) Bavolack's sole and exclusive remedy, if any, for the losses suffered and benefits claimed arises under ERISA, 29 U.S.C. § 1132(a)(1)(B), and accordingly, any state law claim for benefits is completely preempted and displaced by the civil enforcement provision of ERISA, Section 502, 29 U.S.C. § 1132, *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); and

(d) This Court has original jurisdiction of Bavolack's claim for benefits under the civil enforcement provision of ERISA, 29 U.S.C. § 1132(e)(1), which gives this Court jurisdiction without regard to the amount in controversy or the citizenship of the parties. *See also*, *e.g.*, *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1277 (6th Cir. 1991) (finding removal proper under ERISA based on federal question subject matter jurisdiction, under doctrine of complete preemption, despite plaintiff alleging only state law claims, where case was filed in state court against administrator of employer plan for medical benefits, a health insurance plan, seeking to recover benefits from plan for health care services rendered to employee); *see also Aetna Health Inc. v. Davila*, 542 U.S. 200, 210, 124 S.Ct. 2488, 2496 (2004) (ERISA completely preempts claims by a plaintiff for employee health plan benefits that could have been brought pursuant to ERISA Section 502(a)(1)(B), seeking plan benefits). This Court has supplemental jurisdiction over any remaining claims pursuant to 28 U.S.C. § 1367 because they are so related to the federal claim(s) set forth in the Complaint that they form part of the same case or controversy.

6. Defendants have filed this Notice prior to the expiration of thirty (30) days following their receipt of a copy of the Complaint, through service or otherwise.

7. Defendant Cenveo, though not yet joined and served in the Civil Action, consents to this removal while expressly preserving all defenses. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all Defendants join in or consent to the removal of the action.

8. Pursuant to Rule 83.10 of the Local Civil Rules of the United States District Court for the Eastern District of Michigan, this Court is the district court for the district embracing the County of Wayne, in which the state court action was filed and was pending. *See* 28 U.S.C. § 1441(a).

9. Defendants will give written notice to Bavolack and will file a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of Wayne County, Michigan. Defendants attach a copy of the Notice of Filing of Notice of Removal as Exhibit F (without its exhibits).

10. Defendants reserve all defenses and objections to Plaintiff's Complaint, including but not limited to: lack of personal jurisdiction, improper venue, forum non conveniens, insufficiency of process, insufficiency of service of process and failure to state a claim upon which relief can be granted.

WHEREFORE, Defendants Voya and ReliaStar, with the consent of Defendant Cenveo, respectfully request that this Court take jurisdiction over this action and grant such other relief as the Court deems proper.

Dated:  May 15, 2020         By:   s/ Paul A. Wilhelm
                                   Paul A. Wilhelm (P69163)
                                   CLARK HILL PLC
                                   500 Woodward Avenue, Suite 3500
                                   Detroit, Michigan 48226
                                   Ph.: (313) 309-4269
                                   Fax: (313) 309-6847
                                   pwilhelm@clarkhill.com

                                   Robyn L. Anderson (MO48495)
                                   S. Russell Headrick
                                   LATHROP GPM LLP
                                   2345 Grand Boulevard, Suite 2200
                                   Kansas City, Missouri 64108-2618
                                   Ph.: (816) 292-2000
                                   Fax: (816) 292-2001
                                   robyn.anderson@lathropgpm.com
                                   russell.headrick@lathropgpm.com

                                   ATTORNEYS FOR DEFENDANTS

-6-

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2020, I electronically filed the foregoing paper using the Court's ECF system, which will send notification of such filing to all counsel of record, and I also served a copy of the foregoing paper by first class United States mail, postage prepaid, on the following counsel of record:

Larry W. Bennett
Seikaly, Stewart & Bennett, P.C.
30445 Northwestern Hwy., Suite 250
Farmington Hills, MI 48334
Email: lbennett@sslawpc.com

ATTORNEY FOR PLAINTIFF

                                           s/ Paul A. Wilhelm
                                           An Attorney for Defendants

223869501.v1