# EXHIBIT A

Approved, SCAO

Original - Court
1st Copy- Defendant

2nd Copy - Plaintiff
3rd Copy -Return

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>20-005125-CK<br>Hon. Leslie Kim Smith |
|---|---|---|

Court address : 2 Woodward Ave., Detroit MI 48226     Court telephone no.: 313-224-2427

| Plaintiff's name(s), address(es), and telephone no(s)<br>Bavolack, Mark | v | Defendant's name(s), address(es), and telephone no(s).<br>Voya Financial Inc. |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br><br>Larry W. Bennett 26294<br>30445 Northwestern Hwy Ste 250<br>Farmington Hills, MI 48334-3109 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

### Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

### Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

| SUMMONS |
|---|

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>4/9/2020 | Expiration date*<br>7/9/2020 | Court clerk<br>Rementa Canyon |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)     **SUMMONS**     MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

| SUMMONS |
|---|
| Case No. : **20-005125-CK** |

## PROOF OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | **OR** | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:   (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that:   (notarization required) |

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____   Signature: _____
Date                                    Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments
_____ on _____
Day, date, time

on behalf of _____.

_____
Signature

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

**MARK BAVOLACK,**

          Plaintiff,

vs.

**VOYA FINANCIAL, INC.,
RELIASTAR LIFE INSURANCE COMPANY
and CENVEO CORP.**

          Defendants.

Case No. 20-       -CK
Hon:

---

**LARRY W. BENNETT (P26294)**
SEIKALY, STEWART & BENNETT, P.C.
Attorneys for Plaintiff
30445 Northwestern Hwy., Ste 250
Farmington Hills, MI 48334
(248) 785-0102
lbennett@sslawpc.com

---

## COMPLAINT

The undersigned hereby certifies that there is no other action pending in this Court or any other court between the same parties arising from the same transaction or occurrence nor has such an action been dismissed after being assigned to a judge.

          *Larry W. Bennett*

NOW COMES Plaintiff MARK BAVOLACK, by and through his attorney LARRY W. BENNETT of SEIKALY, STEWART & BENNETT, P.C., and states as follows:

20-005125-CK FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   4/9/2020 3:17 PM   Rementa Canyon

1. Plaintiff resides in the State of Connecticut.

2. Defendant Voya Financial, Inc ("Voya") is a foreign corporation conducting business within the County of Wayne, State of Michigan.

3. Defendant ReliaStar Life Insurance Company ("ReliaStar") is a foreign corporation conducting business within the County of Wayne, State of Michigan.

4. Defendant Cenveo, Corp. ("Cenveo") is a foreign corporation conducting business within the County of Wayne, State of Michigan.

5. Plaintiff was insured under a disability income policy ("Policy") issued by ReliaStar. The Policy is not attached because it is already in the possession of the Defendants.

6. ReliaStar appears to remain in business but is owned by and operates under the name of Voya.

7. During the effective term of the Policy, Plaintiff suffered serious disease and injury rendering him disabled from work within the meaning of the Policy, including, but not limited to:

    a. Acute type A aortic dissection in June 2016;

    b. Residual type B aortic dissection extending down to bilateral iliac arteries;

    c. Continuing coronary artery disease including severe vulnerability to the consequences of elevated blood pressure.

8. Based on his multiple conditions and vulnerabilities, Mr. Bavolack was instructed by his treating physicians to avoid any activity, including employment that would elevate his blood pressure to dangerous levels.

9. Mr. Bavolack was employed by Cenveo in a sales position that was highly

stressful due to the pressure from time constraints, travel requirements, customer demands, supply chain issues and other requirements that would necessarily cause dangerously elevated blood pressure.

10. Mr. Bavolack was advised by his treating physicians to not return to his employment with Cenveo.

11. After a required waiting period, Mr. Bavolack was entitled to benefits under the Policy during the first 24 months of his disability if his medical conditions prevented him from performing the essential duties of his regular occupation and he was unable to earn more than 80% of his indexed basic monthly earnings. This is commonly referred to as the "own occupation" period.

12. After 24 months, Mr. Bavolack was entitled to benefits under the Policy if he was unable to perform the essential duties of any gainful occupation which his training, education or experience would reasonably allow and as a result, was unable to earn more than 60% of his indexed basic monthly earnings. This is commonly referred to as the "any occupation" period.

13. As a result of his multiple medical conditions, Mr. Bavolack was entitled to disability insurance benefits under the Policy during both the "own occupation" and "any occupation" periods.

14. Mr. Bavolack made a timely and proper application for benefits under the Policy.

15. On or about February 3, 2017, Voya approved Mr. Bavolack's claim and made payments as required by the Policy.

16. On June 7, 2018, Voya wrongfully terminated Mr. Bavolack's benefits, despite there being no improvement in the conditions for which he was found to be

disabled in the first place.

17. The termination was not based on a fair and reasonable review of the objective medical information but rather was the result of Voya seeking to save money by not paying benefits.

18. Mr. Bavolack filed a timely and permissible request for review of the termination of his benefits.

19. On April 10, 2019 Voya issued a determination that upheld its earlier termination.

20. Mr. Bavolack filed a timely and permissible request for a review of the April 10, 2019 determination.

21. On March 13, 2020, Voya issued a final denial of benefits.

22. In its March 13, 2020 determination, and without finding Mr. Bavolack was disabled within the meaning of the Policy, Voya paid benefits to Mr. Bavolack for the remainder of the first 24 months of his disability (the "own occupation" period).

23. Voya did not provide any explanation or rationale for how it found Mr. Bavolack to be disabled under the "own occupation" standard but not the "any occupation" standard.

24. The termination and then failure to pay benefits after 24 months was irrational and was based on a biased investigation by Voya that focused solely on finding a basis to terminate benefits as opposed to being a fair review of the medical information. For example:

    a. Voya ignored the objective medical findings, opinions and information in Mr. Bavolack's records;

b. Voya instead relied upon the opinions of biased medical reviewers who never examined Mr Bavolack despite the Policy containing a provision that required Mr. Bavolack to submit to an examination if requested by Voya. In addition to not examining Mr. Bavolack, the biased medical reviewers engaged in adversarial communications with Mr. Bavolack's treating doctors in an effort to create a contrived record that would be wrongfully used to deny Mr. Bavolack's claim;

c. Voya ignored the life threatening impact of employment related stress on Mr. Bavolack;

d. Voya ignored the findings of the Social Security Administration who found that Mr. Bavolack was totally disabled;

e. Voya made speculative findings that Mr. Bavolack engaged in certain activities for which there was no supporting evidence and, in making such speculative findings, ignored specific information submitted by Mr. Bavolack that refuted the findings. Examples include speculation that Mr. Bavolack was taking certain medications despite pharmacy records that proved otherwise; speculation that Mr. Bavolack was engaging in certain social activities based on old social media data despite current information that established otherwise; and speculation that Mr. Bavolack was engaging in certain activities as a member of two LLC's despite there being no evidence to support the speculation and specific refuting information submitted by Mr. Bavolack;

f. Voya refused to provide materials requested by Plaintiff that would assist

in exposing the biased nature of the review of Mr. Bavolack's claim.

25. In addition, Voya failed to identify a single job Mr. Bavolack could safely perform that would allow him to earn either 80% or 60% of his monthly indexed earnings.

26. Mr. Bavolack submitted expert evidence that no such job exists.

## COUNT I - BREACH OF CONTRACT

27. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

28. Defendants Voya's and ReliaStar's refusal to pay disability insurance benefits to Plaintiff is a material breach of the terms of the insurance contract.

29. As a result of Defendant's breach, Plaintiff is incurring loss of benefits each and every month that the breach continues, along with the loss of use of the payments.

## COUNT II - UNFAIR AND PROHIBITED TRADE PRACTICES

30. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

31. Defendants Voya's and ReliaStar's actions amount to unfair and prohibited trade practices under MCL 500.2006 and related statutes.

32. Defendants Voya and Reliastar have acted in bad faith in denying policy benefits to Plaintiff.

33. Plaintiff is entitled to interest of 12 percent per annum.

## COUNT III - VIOLATION OF ERISA

34. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

35. Defendants may claim that Mr. Bavolack's claim is governed by ERISA.

36. Plaintiff disputes that his claim is governed by ERISA but pleads this Count in the alternative in case it is determined that ERISA applies.

37. Some documents list Defendant Cenveo as "Plan Administrator" of the Policy.

38. Defendant Cenveo played no role in the processing of Mr. Bavolack's claim and completely abdicated any responsibility for providing the protections afforded by ERISA to Mr. Bavolack.

39. The *de facto* and actual "Plan Administrator" was Voya.

40. Whether it is Cenveo, Voya, or ReliaStar, a "Plan Administrator" owes a fiduciary duty to Plaintiff, who is a Plan Beneficiary.

41. As a Plan Administrator, Defendants breached their fiduciary duties to Plaintiff in the following ways, among others:

    a. By failing to investigate his claim in good faith and instead focusing the claim process on finding ways to deny or terminate the claim;

    b. By utilizing biased individuals to review his claim and refusing to disclose information establishing that bias;

    c. By failing to have Plaintiff examined by a physician and by relying upon reports of physicians that never examined Mr. Bavolack;

    d. By ignoring obvious physical limitations Mr. Bavolack has from the multiple medical conditions he suffers from;

    e. By ignoring the impact of occupational stress on his medical conditions;

    f. By ignoring the expert evidence that there is no job Mr. Bavolack can perform that would allow him to earn the minimums set by the Policy;

    g. By not taking into account that when Mr. Bavolack is examined by his treating physicians, he does not have any of the physical consequences that would be suffered if he was working full time. Many of the records

       reflect that should he have to engage in activity, his condition would materially and substantially worsen and potentially be "catastrophic," i.e., fatal.

42. Defendants may claim the Court's review of the decision to deny benefits is limited to the "Administrative Record."

43. As a result of the wrongful conduct of the Defendants, the Administrative Record in his case is not a proper basis upon which the Court should base its decision. This is true for the following reasons, among others:

    a. Defendant's actions are affected by a conflict of interest in that benefits are to be paid by the decision makers in this case. The conflict of interest permeated the claim process and decisions in this matter.

    b. Defendant utilized biased individuals to review this matter.

    c. The credentials of the individuals who reviewed this matter are not disclosed in the administrative record.

    d. The financial arrangements with the individuals who reviewed this matter are not disclosed in the administrative record.

    e. This most recent denial of LTD benefits follows a history of improper processing of Mr. Bavolack's claim. This is reflected in the lengthy delays in the handling of his claim; disregard of the objective medical evidence; disregard of the determinations by physicians who examined Mr. Bavolack and reliance instead on hired physicians who performed record reviews only; the misinterpretation of the policy provisions and the utilization of reviewers that fail to adhere to appropriate standards.

44. Based on the conduct of the Defendant in this matter, the standard of review in this case should be de novo.

45. As a proximate result of the actions of the Defendant, Plaintiff has suffered damage, including but not limited to a loss of receipt of benefits, emotional distress, and pain and suffering.

46. Plaintiff is entitled to remedies under ERISA, including costs and attorney fees.

## RELIEF REQUESTED

Plaintiff requests entry of judgment that finds that Plaintiff is entitled to disability benefits and award damages in such an amount in excess of $25,000.00 as this Court deems Plaintiff to be entitled, plus interest, penalty interest, attorneys' fees, costs and such other relief as the Court deems appropriate, including a judgment that Defendant pay all past due and future benefits under the contract.

Dated: April 9, 2020                    Respectfully Submitted,

/s/ Larry W. Bennett
Larry W. Bennett
Seikaly, Stewart & Bennett, P.C.
30445 Northwestern Hwy., Ste. 250
Farmington Hills, MI  48334
248.785.0102
lbennett@sslawpc.com
P26294



**SEIKALY STEWART & BENNETT, P.C.**
Attorneys and Counselors

30445 NORTHWESTERN HIGHWAY
SUITE 250
FARMINGTON HILLS, MI 48334

CERTIFIED MAIL

7018 3090 0002 0570 1117

$7.05 0
US POSTAGE
FIRST-CLASS
062S0009311673
FROM 48334

Voya Financial
One Orange Way
Windsor, CT 06095-4774